IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEANETTE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:21-cv-742-ECM |
| ) | (WO) |
| WALMART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Now pending before the Court is the Motion for Summary Judgment filed by Defendant Walmart Stores, Inc. ("Walmart"). (Doc. 23).  Plaintiff Jeanette Scott ("Scott") seeks compensatory and punitive damages pursuant to state law negligence and wantonness claims against Walmart for personal injuries she sustained when she slipped and fell on November 11, 2020, at the Walmart in Phenix City, Alabama. (Doc. 2-1).  Scott alleges that Walmart acted negligently and wantonly in failing to maintain its premises in a reasonably safe condition.  After carefully reviewing the Defendant's motion for summary judgment, the Plaintiff's response to the motion, and the evidentiary materials, the Court concludes that the motion is due to be GRANTED.

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A "genuine" dispute of fact exists "if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996). An issue of fact is "material" if it could "affect the outcome of the case under the governing law." *Id.* The movant bears the initial burden to identify evidence showing no genuine dispute of material fact remains, or that the non-moving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the movant satisfies this burden, then the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and he does so by citing to particular parts of the record or by showing the cited materials do not establish the presence or absence of a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); FED. R. CIV. P. 56(c)(1)(A)–(B). If the non-movant fails to support his version of the facts or to properly address the movant's

version of the facts as required by Rule 56(c), then the court may "consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

At the summary judgment stage, the Court must view all evidence in the light most favorable to the non-movant and draw all justifiable inferences from the evidence in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If an accurate video recording, however, "obviously contradicts the nonmovant's version of the facts, we accept the video's depiction instead of the nonmovant's account." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (alterations adopted) (quoting *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010)). However, if the video evidence "fails to provide an unobstructed view of the events," then it is "not obviously contradictory," and the non-movant's version must be credited as to those obstructed moments of the video. *Gee*, 625 F.3d at 1315.

## IV.  FACTS[1]

The entire incident was clearly recorded on a surveillance video. On November 11, 2020, two Walmart employees restocked shelves displaying grapes at a Walmart in Phenix City, Alabama. As the employees walked away from the shelves at 1:46:13 p.m., surveillance video shows that no grapes had fallen onto the floor. About four minutes later, two male customers approached and began taking bags off the shelves to sample the grapes. The customers eventually put the grapes back on the shelf, but before they walked away,

---

[1] The Court has thoroughly reviewed all video and documentary evidence submitted by the parties. The facts that follow are viewed in the light most favorable to Scott, drawing all reasonable inferences in her favor. *See Anderson*, 477 U.S. at 255.

at approximately 1:50:46 p.m., a single grape fell to the floor. A couple minutes later, another customer appeared to walk over or around the grape without noticing it. As many as twenty customers either walked directly next to or over the grape without noticing it on the floor. There is no evidence that any customer alerted a Walmart employee about the grape on the floor.

Two Walmart employees walked over the grape before Scott's accident occurred. At 1:55:31 p.m., employee Jonathan Kappel ("Kappel") passed over the grape. Scott does not dispute that Kappel did not see the grape because his head was turned to the left—scanning the frozen food aisles for which he was responsible—not down at the floor in the produce section where the grape was located. At 2:00:24 p.m., an unidentified Walmart employee pushed a cart two aisles to the left of the grape and did not see it on the floor. At 2:02:35 p.m., another unidentified Walmart employee pushed a cart near the grape on the floor.

At 2:03:14 p.m., Scott stepped directly onto the grape; her left foot slid forward, causing her to fall to the floor on her right knee. She also fell backwards, hitting her head on a shopping cart. She claims her "shattered knee" required multiple surgeries as a result of the fall, and the knee remains not fully operable.

Walmart employees were trained to constantly monitor for potential hazards on its store floors. Additionally, employees were instructed to clean as they go and to periodically conduct safety sweeps, checking their entire assigned section "for potential hazards such as falling merchandise, empty pallets, spills, unattended pallet jacks, debris

and empty boxes." They were encouraged to "[w]atch for and correct potential hazards when taking different routes to and from lunch breaks." Per Walmart's policy, a specific maintenance associate is "strategically scheduled to provide safety sweeps during high traffic times." On the day of the accident, two maintenance employees were scheduled to conduct safety sweeps every two hours. As scheduled, at 2:01:09 p.m., maintenance employee Mary Witherspoon ("Witherspoon") began conducting a safety sweep two aisles over from where Scott's accident occurred, and proceeded aisle by aisle, coming up the aisle where Scott fell one minute after the accident.

## V. DISCUSSION

It is undisputed that Scott slipped on a grape which had fallen on the floor just under thirteen minutes before she stepped on it. Walmart contends that there is no genuine issue of material fact as to Scott's negligence claim because she cannot establish that it had actual or constructive notice of the grape on the floor before she fell, nor that its employees or its maintenance policy were delinquent in failing to discover and remove the grape. In response, Scott agrees that Walmart did not have actual notice but argues a genuine issue of material fact remains as to whether Walmart had constructive notice of the grape and whether Walmart was delinquent in not discovering it.[2]

Under Alabama law,[3] a store is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises" for its customers. *Maddox v. K-Mart Corp.*, 565

---

[2] Scott conceded her wantonness claim against Walmart in her summary judgment responsive brief. (Doc. 26 at 5). Therefore, Scott's wantonness claim is due to be DISMISSED.

[3] Because jurisdiction in this case is based on diversity of citizenship, the forum state's substantive law applies. *See Rodriguez v. Branch Banking & Tr. Co.*, 46 F.4th 1247, 1254 n.7 (11th Cir. 2022).

So. 2d 14, 16 (Ala. 1990).  A store "is liable for injury only if [it] negligently fails to use reasonable care in maintaining [its] premises in a reasonably safe condition." *Id.* (quotations omitted). "This duty does not, however, convert a premises owner into an insurer of its invitees' safety." *Kmart Corp. v. Bassett*, 769 So. 2d 282, 285 (Ala. 2000). The mere fact that an invitee is injured does not give rise to a presumption of negligence. *Riverview Reg'l Med. Ctr., Inc. v. Williams*, 667 So. 2d 46, 48 (Ala. 1995).

If the defendant makes a prima facie showing that it had no actual or constructive notice of a hazard, and that it was not delinquent in failing to discover and remove the hazard, then the burden shifts to the plaintiff to present the following:

> [S]ubstantial evidence [1] that the alleged substance that caused her to fall had been on the floor for such a length of time that constructive notice of its presence could be imputed to the defendants; [2] that the defendants had actual notice that the substance was on the floor; or [3] that the defendants were delinquent in not discovering and removing the substance.

*Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247, 1249 (Ala. 2001) (alterations adopted) (emphasis omitted); *see also Maddox*, 565 So. 2d at 16.  Because she admits there is no evidence that Walmart or its employees created or actually knew of the hazardous condition, to survive Walmart's motion for summary judgment, Scott must offer evidence that, if true, proves Walmart had constructive notice of the grape's presence on the floor or was delinquent in not noticing it. *See Maddox*, 565 So. 2d at 16.

### A.     Constructive Notice

Scott fails to point to evidence that the grape was on the floor for a sufficient amount of time to put Walmart on constructive notice of its presence before she fell.  Under

Alabama law, a "storekeeper is charged with knowledge of a hazard if the evidence shows that the hazard has existed on the premises for such a length of time that a reasonably prudent storekeeper would have discovered and removed it." *Dalton v. Target Corp.*, 2019 WL 3574733, at *3 (N.D. Ala. Aug. 6, 2019) (quoting *Hale v. Kroger Ltd. P'ship I*, 28 So. 3d 772, 779 (Ala. Civ. App. 2009)). "The main thrust of Alabama case law in this area is to presume constructive knowledge of a hazard only if the hazard persists 'for an inordinate length of time.'" *Fields v. Target Corp.*, 2017 WL 4472724, at *3 (N.D. Ala. Oct. 6, 2017) (alteration adopted) (quoting *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982)).

Scott maintains that Walmart could have been on constructive notice because several of its employees were in the immediate vicinity of the grape—two almost stepping on it—in the thirteen-minute period that it remained on the floor. However, Scott fails to explain how employees who were multiple aisles over from the grape could have reasonably seen a single grape on the floor from that distance. Furthermore, that two employees walked directly over the grape without seeing it does not establish Walmart's constructive notice—rather, it pertains to Walmart's potential delinquency in not properly conducting maintenance procedures, which the Court discusses below. Scott cites to no authority that supports her argument that an employee's mere proximity to a hazard imputes constructive notice to Walmart. *See Williams v. Wal-Mart Stores, Inc.*, 584 F. Supp. 2d 1316, 1320 (M.D. Ala. 2008) (finding that caselaw does not "support the argument that simply having employees in the vicinity provides evidence of negligence"

7

in a slip-and-fall case); *see also Rayburn v. Wal-Mart Stores, Inc.*, 2009 WL 2905600, at *4 (M.D. Ala. Sept. 4, 2009) (finding the same).

Scott further argues that a genuine issue of material fact remains as to whether thirteen minutes is a sufficient amount of time to put Walmart on constructive notice of the grape's presence. She relies on a Florida Supreme Court case, *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302 (Fla. 1973), to support her position that a jury should decide whether thirteen minutes qualifies as an inordinate length of time to impute notice. In that case, the court reinstated a jury verdict in favor of a plaintiff, holding the jury had some evidence to find the defendant store liable for plaintiff's slip and fall on a wet spot and a wilted collard leaf. *Montgomery*, 281 So. 2d at 306.

However, *Montgomery* is both distinguishable and nonbinding on this case. There, the Florida Supreme Court reviewed an appellate court's directed verdict that reversed a jury verdict. *Id.* at 303. The court quashed the directed verdict and reinstated the jury's verdict because the trial court properly submitted to the jury an evidentiary dispute as to how long the hazard had been on the floor. *Id.* Some evidence showed that the collard leaf was on the floor mere minutes before the plaintiff slipped, whereas other evidence showed that the leaf was on the floor for at least fifteen to twenty minutes before the plaintiff fell. *Id.* The appellate court in *Montgomery* held that the trial court properly submitted to the jury the evidentiary dispute from which they could infer constructive notice. *Id.*

There is no such conflict of evidence in this case, however. The parties agree that the video clearly demonstrates that the grape was dropped on the floor by another customer

less than thirteen minutes before Plaintiff stepped on it. (Docs. 23-1 at 5, 26 at 6). The parties also agree that no Walmart employee saw the grape, looked in its direction, or was put on actual notice of the grape's presence. (Docs. 23-1 at 2, 9; 26 at 3, 4, 8). Scott does not cite to any persuasive authority that, in Alabama, thirteen minutes alone is "a sufficient length of time to impute constructive notice to [Walmart]." *Maddox*, 565 So. 2d at 16. Thus, there is no factual dispute in this case as to the length of time that the hazard remained on the floor before Scott's slip and fall, and the Court finds that the thirteen-minute period was not so inordinate that Walmart is charged with constructive notice of the hazard.

Courts applying Alabama law have similarly found this period to be inadequate to infer notice. For example, in *Pridemore v. Wal-Mart Stores E., L.P.*, 2006 WL 8436553 (N.D. Ala. Sept. 29, 2006), a plaintiff slipped and fell on liquid from a bottle of mouthwash on the floor. Evidence showed that it was "not uncommon for employees to find loose caps on shampoo, mouthwash, and the like" in that section of the store. *Id.* at *4. The only length-of-time evidence was that at least fifteen minutes before the accident, a store employee had done a safety sweep of the aisle and did not see the liquid. *Id.* at *5. The plaintiff herself did not see the substance before she slipped on it. *Id.* The court found that evidence of the fifteen-minute window in which the substance could have spilled onto the floor after the employee did the sweep, without more, presented no question of fact "as to whether the substance had been on the floor a sufficient length of time to impute constructive notice to Wal-Mart." *Id.*

Like the court in *Pridemore*, this Court finds that Scott has not satisfied her "obligation to show that there exists a question of fact as to whether" the grape "had been on the floor a sufficient length of time to" put Walmart on constructive notice. *Id.* Clear video "evidence does not support a finding that the [grape] was so large and obvious that it need have only existed for a very short amount of time to reasonably charge [Walmart] with constructive notice." *Fields*, 2017 WL 4472724, at *3. Until Scott slipped on the grape, not a single customer or employee saw the grape. Such lack of evidence cannot support a finding that "a reasonably prudent storekeeper would have discovered and removed it." *Dalton*, 2019 WL 3574733, at *3. Therefore, Scott fails to present evidence of a genuine dispute of material fact that Walmart was on constructive notice of the hazard.

**B.   Delinquency**

Scott fails to present evidence of a genuine dispute of material fact on which a reasonable jury could find Walmart delinquent in its maintenance protocols or in its employees' performance of those protocols. A store's delinquency can be shown where there is evidence that a store's inspection procedures were inadequate or were performed inadequately on the day of a plaintiff's fall. *Dalton*, 2019 WL 3574733, at *3 (citing *Hale*, 28 So. 3d at 779).

Scott argues Walmart was delinquent for two reasons. First, she argues that a jury could find that Walmart's policy for safety sweeps every two hours was inadequate. Given the frequency that grapes fall on the floor in produce sections, the two-hour window for safety sweeps, she claims, is inadequate. Second, Scott contends that Walmart's

10

employees inadequately discharged their duties regarding the discovery and removal of the hazardous grape. Because Walmart employees were in the vicinity of the grape before she fell, Scott argues that their failure to detect the grape violated Walmart's maintenance protocol to constantly scan the floor for hazards.

Scott's reliance on *King v. Winn-Dixie of Montgomery, Inc.*, 565 So. 2d 12 (Ala. 1990), for her delinquency arguments is unavailing. In that case, the Alabama Supreme Court found factual issues remained as to whether a store was delinquent in failing to discover and mop up rainwater that accumulated near the store's entrance. *Id.* at 13. The court's holding in *King*, however, applies where there is an "unusual accumulation" of a hazardous condition, such as rainwater: "In such cases, businesses are on notice that water may be tracked in through the entrance and, therefore, can be considered negligent if the water is not adequately mopped-up." *Williams*, 584 F. Supp. 2d at 1320 (citing *King*, 565 So. 2d 12); *see also Gunter v. Publix Super Mkts., Inc.*, 2017 WL 2903179, at *13 (M.D. Ala. May 3, 2017) (distinguishing *King* because "the Alabama Supreme Court has indicated that, absent evidence of unusual accumulations or other circumstances, the store-owner defendant would not be liable for a plaintiff's injury resulting from a slip-and-fall," and a puddle of rainwater is an "unusual accumulation" that reasonably "indicates that sufficient time had passed so that an adequate inspection would have discovered it"); *King*, 565 So. 2d at 14 (Houston, J., concurring in part) (agreeing with the majority's conclusion that "[b]ecause there was some evidence of an unusual accumulation of rainwater . . . ,

11

there was a factual question as to whether [the store] should have taken more affirmative measures").

Unlike *King*, this case does not involve an unusual situation that would put Walmart on heightened alert for a hazardous condition. Insofar as Scott argues that Walmart was on heightened notice that hazards may occur more frequently in produce sections than other areas of a store—and thus Walmart was delinquent in not conducting safety sweeps in its produce section more frequently—such a determination is legal in nature, not factual. She does not cite, and the Court cannot find, any authority for the legal proposition that stores are on heightened notice of hazards in produce sections. Walmart had two employees scheduled the day of the accident to conduct safety sweeps every two hours. One of those employees, Witherspoon, was in the process of conducting a sweep in the section near the grape, progressing toward the grape's location, when the accident occurred. Thus, the Court concludes that Scott has failed to present evidence on which a reasonable juror could find Walmart's maintenance protocols inadequate.

Scott also provides insufficient evidentiary support for her claim that because several Walmart employees were in the grape's vicinity before the fall, a reasonable jury could find the employees delinquent for not noticing and removing the hazard. Caselaw, however, does not "support the argument that simply having employees in the vicinity provides evidence of negligence." *See Williams*, 584 F. Supp. 2d at 1320; *see also Rayburn*, 2009 WL 2905600, at *4 (finding the same). Even in cases where stores have policies that all employees, those assigned to maintenance or not, are to constantly scan the floors for

hazards, courts applying Alabama law have found that employees that fail to notice a hazard are not delinquent when they are actively engaged in other duties.

For example, in *Fields*, the "primary thrust" of the plaintiff's argument was that the defendant store "was delinquent in not discovering and removing the foreign substance that caused his fall." 2017 WL 4472724, at *4 (quotations and citation omitted). Neither the plaintiff, her companion, nor a nearby store employee saw the hazard on the floor before the plaintiff slipped on it. *Id.* The employee was not in the area to conduct an inspection but to obtain an item for another customer, and there was no evidence that he looked in the hazard's direction. *Id.* The court found that the store was not delinquent—even though its maintenance procedure required all employees on duty to "keep floors dry and remove spills immediately upon discovery"—because "[t]he fact that all three people in the area failed to notice the spill, while not dispositive, is strong evidence that [the employee's] failure to notice the liquid on the ground was reasonable." *Id.* Moreover, the employee's failure to see the hazard was reasonable because he was in the area to perform another task. *Id.*; *see also Dalton*, 2019 WL 3574733, at *5 (finding the store's "policies regarding an employee's responsibilities to routinely scan their work environments and immediately clean up spills when seen does not somehow create a standard higher than that created by Alabama law," and there "is no magic number of minutes under Alabama law establishing how long a premises owner has to identify and clean up a spill").

Like the employee in *Fields*, the two Walmart employees that reasonably could have seen the grape—had they looked in its direction—were looking elsewhere and conducting

13

other store tasks. (Docs. 23-4 at 1:40:32, 1:47:36; 28-1 at 2–3). There is "no indication that [the employees'] failure to notice the presence of a small [grape] . . . rose to the level of delinquency." *Fields*, 2017 WL 4472724, at *4. Because there is insufficient evidence to show that Walmart was on actual or constructive notice of the grape's presence on the floor or that it was delinquent in forming or conducting its maintenance procedures, Scott has failed to present a genuine issue of material fact as to Walmart's negligence. Her negligence claim is therefore due to be DISMISSED.

## VI. CONCLUSION

Accordingly, and for good cause, it is

ORDERED that the Defendant's Motion for Summary Judgment (doc. 23) is GRANTED, and all Plaintiff's claims are DISMISSED with prejudice.

A separate final judgment will enter.

Done this 14th day of November, 2022.

                                          /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE